UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CR-20172-GAYLES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANDRII KURBATOV,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Andrii Kurbatov's Petition and Supplication for Compassionate Release to 18 U.S.C. 3582(c)(1)(A)(i) [ECF No. 51] and Amended Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 56] (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the following reasons, the Motions are denied.

## I.   BACKGROUND

Defendant is currently incarcerated at the Giles W. Dalby Correctional Institution in Post, Texas and has a projected release date of February 15, 2024. On September 14, 2018, Defendant pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography in violation of 18 U.S.C. § 2552(a)(4)(B) and (b)(1). [ECF No. 23]. On February 15, 2019, the Court sentenced Defendant to an 84-month term of imprisonment and a 7-year term of supervised release. [ECF No. 45]. To date, Defendant has served less than half of his term of imprisonment.

In his Motions, Defendant asks the Court to grant him compassionate relief and modify his sentence of imprisonment to home confinement for the balance of time remaining. Defendant alleges that, in light of the COVID-19 pandemic, his health issues constitute extraordinary and compelling circumstances that warrant compassionate release. Defendant's alleged medical conditions include asthma, tuberculosis, and chronic obstructive pulmonary disease ("COPD").[1] The record reflects that Defendant made a request with the Warden of D. Ray James Correctional Facility for his early release prior to filing his Motions.[2] The Warden denied the request. [ECF No. 58-1].

## II.    LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the

---

[1] Defendant filed some records from the Ukraine that have not been translated into English. As a result, the Court was unable to consider these documents. However, as discussed below, even if Defendant's medical conditions constitute extraordinary and compelling circumstances, the factors outlined in 18 U.S.C. § 3553 do not support release. In addition, the Court finds that Defendant presents a danger to the community such that early release is not warranted.
[2] Defendant was transferred to Giles W. Dalby Correctional Institute after he submitted his request.

Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motions, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

## III.    DISCUSSION

The Court denies Defendant's Motions because (1) the § 3553 sentencing factors do not support a modification to his sentence, (2) Defendant fails to establish extraordinary and compelling reasons to warrant his early release, and (3) he is a danger to the safety of other persons and to the community.

### A.    Exhaustion of Administrative Remedies

The Court finds that, based on his request to the Warden of D. Ray James Correctional Facility, Defendant has exhausted his administrative remedies as required by the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.    Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must

consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

The Court, considering these § 3553(a) factors at the time of sentencing, concluded that a term of 7-years' imprisonment and 7-years' supervised release was appropriate in this case. Defendant has not provided a new and convincing basis—aside from his alleged medical conditions—supporting a modification to the imposed sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). The Court thus finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

## C.    Extraordinary and Compelling Reasons

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

(ii) The defendant is--

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

The Court has reviewed the relevant reports and medical records and is fully advised as to Defendant's health status. The record reflects that Defendant suffers from asthma which under some circumstances might constitute an extraordinary and compelling reason for his early release.[3] However, on April 8, 2021, Defendant declined to receive the COVID-19 vaccine. [ECF No. 58-2].[4] Courts across the country are consistently holding that an inmate's refusal to get a COVID-19 vaccination negates a claim that the inmate's risk of serious illness from COVID-19 is an extraordinary and compelling reason for early release.  *See e.g. See United States v. Baeza-Vergas*, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."); *United States v. Jackson*, No. 07-40-2, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) (holding that defendant's "unexplained refusal to accept a COVID-19 vaccination when offered negates her otherwise compelling medical reasons for release."); *United States v. Holman*, No. 3:18-cr-43-MMH-JBT, 2021 WL 1193380, at *1 (M.D. Fla. Mar. 30, 2021) (finding no

---

[3] There is no evidence in the record that Defendant suffers from COPD. There is an indication in his medical records that he had a "non specific reaction to a tuberculin skin test without active tuberculosis." [ECF No. 57-1 at 24].

[4]  Though Defendant alleges that he suffers from a medical contraindication to vaccines, the record does not substantiate his claim. Indeed, the record reflects that Defendant consented to and received influenza and pneumococcal vaccinations while incarcerated. [ECF No. 58-3].

compelling and extraordinary reasons warranting compassionate release where defendant was offered, but refused, the Moderna COVID-19 vaccine). Accordingly, Defendant fails to establish extraordinary and compelling reasons for his early release.

### C.    Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant was sentenced to an 84-month term of imprisonment for receiving and possessing approximately 30 gigabtyes' worth of child pornography. Moreover, Defendant received sentencing enhancements for possessing videos depicting pre-pubescent children and sado-masochistic conducts. [ECF No. 23]. Upon review of the record, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motions for Compassionate Release [ECF Nos. 51, 56] are **DENIED**.

2. Defendant's Motion for an Attorney is **DENIED as MOOT.**

**DONE AND ORDERED in Chambers at Miami, Florida, this Thursday, May 13, 2021.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JU